# Staunton.

## GURNEE v. BAUSEMER & CO.

### OCTOBER 8TH, 1885.

PRINCIPAL AND SURETY—*Release—Counsel fees—Case at bar.*—B. & Co. held judgments against M., binding on land of his surety, W., aliened to G. In suit of *Bank* v. *M.*, funds were recovered to pay M.'s debts. A decree was entered requiring those participating in said funds to pay 25 per cent. of their claims for fees allowed plaintiff's counsel. B & Co. participated, received the amounts of their judgments less said 25 per cent., and receipted in full. Later, B. & Co. claimed that their judgments were subsisting liens on W.'s land aliened to G., who was no party to the suit. to the extent of said 25 per cent.; and court be· low directed receiver to collect said 25 per cent. of G. On appeal :

HELD :

    1. Release of the principal M. was the release of his surety, W. ; and the judgment liens were discharged *in toto.*

    2. Creditors have no legal right to be re-imbursed by their debtors for counsel fees contracted by them.

    3 G. being no ·party to the suit, the decree was a nullity *quoad* him. *Cronise* v. *Carper*, ante p. 678.

Appeal from decree of circuit court of Rockbridge county entered March 18th, 1885, in certain causes entitled the National Bank of Richmond and als. *against* W. W. Major and als.; and George W. Johnson's executor *against* G. A. White and als.; and W. G. Bausemer, for etc. *against* G. A. White and als., which were heard and acted on together.

By the decree the receiver of the court was required to collect of Walter S. Gurnee, the appellant, the sum of $619.04,

with interest from December 15th, 1883, the amount assessed upon the judgments of Bausemer & Co. against Major & White, for the payment of their share of the fees of plaintiff's counsel in the first cause above named, and decreed to be re-imbursed to Bausemer & Co. out of certain land which had been aliened by White to Gurnee, subject to said judgments, but which judgments had been discharged with funds of Major, the principal debtor.

Opinion states the case.

*Sheffey & Bumgardner* and *Edmund Pendleton*, for the appelant.

*David E. Moore*, for the appellees.

Fauntleroy, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Rockbridge county, rendered March 18th, 1885, in certain causes therein pending, entitled, "The National Exchange Bank of Richmond, &c., *against* W. W. Major and others;" "George W. Johnson's Ex'or *against* G. A. White and others;" and "W. G. Bausemer, for, &c., *against* G. A. White and others;" which said causes were heard and acted on together.

It appears from the record that W. G. Bausemer & Co. recovered sundry judgments in the courts of Rockbridge county, against W. W. Major and G. A. White, upon negotiable paper made by Major, as principal, to White, and passed, by the endorsement of White, to said Bausemer & Co.; which said judgments were duly docketed on the lien docket in said county court clerk's office, as provided by statute. Subsequent to the docketing of the said judgments, G. A. White executed to Walter S. Gurnee a trust lien on a large and valuable landed estate lying in Rockbridge county, known as "Hart's Bottom," to secure a large loan from Gurnee to White.

In the meantime a creditors bill was filed by the National

Exchange Bank of Richmond, Va.. *against* W. W. Major; and, under an order of reference in said suit, the aforesaid Bausemer & Co. judgments against Major and White were filed and reported as subsisting liens on the real estate of the said Major, and were confirmed as such by the decree of the court.

In the suit of the National Exchange Bank of Richmond, &c., *against* Major and others (which was a creditors suit), there was recovered for the creditors of W. W. Major the sum of $15,028.30, as of October 1, 1881. To this suit Gurnee was not a party. After this recovery the court made an order directing that those entitled to the fund, and who should "derive benefit from the litigation," by participating in the fund recovered, should be assessed ratably, upon their claims or interests, 25 per centum, chargeable to those who should participate in the fund, to pay fees allowed to counsel conducting the litigation for complainants in the cause. Bausemer & Co. went forward and participated in the fund, and received the amount of their judgments, less 25 per cent., which they allowed to be deducted for counsel fees, and receipted for their judgments in full, thereby discharged their liens as against their principal judgment debtor, Major.

But the said Bausemer & Co. having so participated in this fund, and allowed the counsel fees. upon the terms of the decree, set up the pretension that Walter S. Gurnee, the purchaser of "Hart's Bottom" tract of land from G. A. White, who was surety for their judgment debtor, Major, should refund this 25 per centum of their judgment-liens which they had paid, or allowed to be deducted, as aforesaid; and accordingly the court made an order of reference to its master commissioner to ascertain and report whether the said Gurnee is responsible for any portion of the attorneys' fees so paid by Bausemer & Co., amounting to $619.04. Responsive to this order of reference the master commissioner reported, as his opinion, " that the Bausemer & Co. judgments, to the extent of the 25 per centum which had been deducted therefrom to pay counsel fees in the

suit against W. W. Major, are subsisting liens on the tract of land known as "Hart's Bottom," alienated by G. A. White to Walter S. Gurnee, subsequent to their rendition and docketing."

To this report Walter S. Gurnee excepted, "because it improperly charges him with the fees of counsel paid by Bausemer & Co., and declares the amount thereof to be a lien on Hart's Bottom." This exception was overruled by the circuit court, and the said report was confirmed; and it further ordered, "that the receiver of the court do collect from W. S. Gurnee the sum of $619.04, with interest thereon from the 15th of December, 1883, and a sufficient sum to cover the costs of this reference." From this decree, rendered March 18th, 1885, this appeal is taken.

We are of opinion that the decree complained of is wholly erroneous.

The appellant, W. S. Gurnee, was the purchaser from G. A. White, for a valuable consideration, fully paid, of the "Hart's Bottom" tract of land. W. W. Major was the principal judgment debtor, and White only his surety, bound by the Bausemer & Co. judgment-liens. Bausemer & Co., without the knowledge or consent of Gurnee (who was neither a party nor privy to the suit), elected to take under the decree according to its terms and conditions, and so dealt with the principal, Major, in the judgment debts as to release and discharge the liens of the judgments which were paid off and satisfied by the fund constituted by the money of the said Major, the principal debtor; and they now invoke a court of equity to revive a dead lien against an innocent *alienee, for value,* of that *surety,* whose *principal* they had discharged, and to subject the land of that innocent purchaser to the operation of this dead lien, although the land was released absolutely and wholly from the lien of the judgment as soon as they participated in the money and discharged the principal debtor, W. W. Major.

Bausemer & Co.'s claims, evidenced by the judgments, were

proved before the master and were paid off in full; and a large balance of the fund, arising from the property of W. W. Major, was left over to be distributed ratably amongst other unpaid creditors, after paying Bausemer & Co. the full amount of their unpaid claims. It was the same thing, in law, as if Bausemer & Co. had drawn out of the fund the full amount set apart by the decree to pay their judgment claims proven in the cause, and then, out of it, had paid their counsel fees. Gurnee, the appellant, was no party to the suit in which these counsel fees were allowed and ordered by the court, and he is not bound by the decree made therein.

The notes held by Bausemer & Co., on which they obtained their judgments, were the notes of W. W. Major, endorsed to them by White. Major was primarily bound; and White, as his surety, in equity, had the right to require Bausemer & Co. to exhaust the principal before coming on him, or on his innocent alienee, Gurnee. Neither White nor Gurnee was bound to furnish to Bausemer & Co. money to pay counsel for pursuing their remedy against Major, their debtor; and after allowing the money of their debtor, in the hands of the court, justly belonging to them, to go to pay these large counsel fees, they cannot be permitted to call on Gurnee to pay it back to them. Their remedy (if any they have) is against those who got their money, and not against an innocent party.

Creditors who collect their debts by law, even when successful, are losers to the extent of the amount paid to counsel; but the law will not countenance the demand that the losing defendant shall re-imburse their losses so incurred, and so, it may be, contracted by them.

The record shows that Bausemer & Co.'s claims were satisfied by and as to Major, the principal debtor; and they cannot be unsatisfied as to White, a mere surety, and his alienee, Gurnee, and the judgment liens are no longer binding on the tract of land known as "Hart's Bottom," purchased and paid for by Gurnee from G. A. White.

Nothing could affect the land or the purchaser, Gurnee, but the judgments: they were paid and satisfied by Major, the principal debtor; and it does not implicate or concern his surety, White, or Gurnee, White's alienee, what Bausemer & Co. did, or allowed to be done, with the money.

As Gurnee, the appellee, is shown by the record to have no contract relations, expressed or implied, with Bausemer & Co., they, as volunteers, could not by their unauthorized acts, create a contract for him. No man can make himself the creditor of another by any act of his own—unsolicited and merely officious. 2 Greenleaf on Evidence, § 107; *Eastwood* v. *Kenyon*, 11 Ad. & Ellis, 438; *Parker* v. *Carter*, 4 Munford, 273; *Cook* v. *Bradley*, 7 Conn. 57; *Mills* v. *Wyman*, 3 Pick. 207; *Stokes* v. *Lewis*, 1 T. R. 20.

The decree of the circuit court of Rockbridge county, complained of, is erroneous, and must be reversed with costs.

DECREE REVERSED.