# CHARLESTON.

BLUE, SPECIAL COMMISSIONER *v.* POLING *et al.*

Submitted March 1, 1910.   Decided January 31, 1911.

1. APPEARANCE—*What Constitutes.*
    Where a defendant, not served with process, appears and replies generally to a cross-answer, or gives notice and takes and files depositions in a cause and has the cause brought on and heard thereon, without other appearance or pleading, he thereby, by such affirmative acts, enters an appearance binding him, and giving the court jurisdiction to pronounce a decree against him.

2. APPEAL AND ERROR.—*Void Judgment—Defendant Not Served.*
    If a defendant has not been served with process, and has not made defense, and a decree has been erroneously pronounced against·him, he cannot before application to the circuit court

to correct the error, pursuant to section 5, ch. 134, Code 1906, be heard in this Court on an appeal to correct such error.

(Absent: WILLIAMS, President, and ROBINSON, Judge.)

Appeal from circuit court, Barbour county.

Bill by Fred O. Blue, special commissioner, against D. Hess Poling and others. Decree for plaintiff, and John Curry and others, certain defendants, appeal.

*Affirmed.*

*Samuel V. Woods,* for appellants.

*W. T. Ice, Jr.,* for appellees Poling and Bradford. *John B. Dilworth* and *Wm. T. George,* for appellees Hart and George.

MILLER, JUDGE:

This is an appeal by Curry, Ritner, Curry trustee for himself, Bitner and Felty; and the Curry and Bitner Lumber Company, a corporation.

In his bill to enforce his lien for purchase money, reserved in a deed from himself and Hart and wife to Poling and Bradford, for the timber on a tract of about 2500 acres in Randolph county, the plaintiff made Poling and Bradford, the purchasers, and Hart and the appellants, except the Curry and Bitner Lumber Company, defendants; alleging therein, in substance, that subsequent to the sale and decree of confirmation and the conveyance of said timber to them, of October 9, 1905, the purchasers, Bradford and Poling, had sold, and by their deed of October 10, 1905, conveyed the said timber to the appellants, Curry, trustee for himself, Bitner and Felty, and who had therein and thereby assumed payment of the purchase money notes of Bradford and Poling to secure which a lien had been reserved in said conveyance of October 9, 1905. He exhibited copies of both of said deeds with the bill, and acknowledged payment of all of said purchase money, except a balance of something in excess of $5,500.00 on the last note, and prayed that the lien reserved on the timber sold might be enforced, and for general relief.

Defendants, Curry, Curry trustee for himself, Bitner and Felty, and Bitner, demurred to the bill, assigning no grounds, and their demurrer, we think, was properly overruled. They

also filed their answer and cross-bill, making Blue, special commissioner, Bradford and Poling, Felty, the Curry and Bitner Lumber Company, and William T. George, defendants therein, and for the reasons alleged, praying for certain specific relief against Hart, and especially to be relieved from the payment of the balance of the purchase money, which under the terms of the contract for the sale and purchase of said timber, between Hart and Bradford and Poling, and the decree of the court confirming the same, would be payable to Hart, or to George, his assignee, as a sum in excess of the debts of Hart, for which his land had been decreed to be sold, by Blue, special commissioner.

This cross-bill answer alleges and discloses the fact, not appearing of record or known to Blue, special commissioner, at the time he filed his bill, that the title to the timber, after it had been so acquired by Curry, trustee, for himself and others, had been by them conveyed to the Curry and Bitner Lumber Company, a corporation.

The grounds for the relief prayed for by these respondents, in their cross-bill, is, that Hart and Bradford and Poling, the latter of whom they allege were the agents of Hart, in negotiating the sale and conveyance of said timber to them, and after going with Bitner and the surveyor upon the land, and pointing out to them the timber which Hart proposed to sell, fraudulently caused to be omitted from the survey thereof a tract of 72 acres, which was to have been included therein, and had substituted therefor three smaller tracts, on which there was practically no timber; and furthermore, that Hart had broken his contract with them, of September 22, 1905, in which, in consideration of $200.00, he had agreed to secure all rights of way for building a railroad to his land on which said timber was situated, and in which he had also agreed that if he should neglect to do so, respondents might secure the same at his expense.

Hart answered the bill of Blue, special commissioner; also the cross bill of Curry, trustee, admitting the facts alleged in the bill of the former, but denying all of the material facts alleged in said cross bill constituting grounds for affirmative relief against him, and particularly denying the agency of Bradford and Poling; denying also all fraud and collusion, and af-

firming unequivocally that his negotiation, with and sale of said timber to Bradford and Poling, had not been with them as his agents to sell to Curry, trustee, and others, as alleged; but that on the contrary he had sold said timber to them directly in accordance with his contract reported to and confirmed by the court; also denying liability to said cross-bill plaintiffs for failing to procure rights of way for their railway, for the reason that they had changed the route of said railway, as originally proposed, thereby excusing him; and also alleging the assignment by him, on December 20, 1906, to defendant George, for a valuable consideration, long since received, of the balance of purchase money, recoverable by Blue, special commissioner; and denying also the right of said cross bill plaintiffs to any abatement of said purchase money, or to any relief against him.

Bradford and Poling also answered the bill of Blue, special commissioner; and also the cross bill of Curry, trustee, and others, setting up therein matters for affirmative relief, making the plaintiffs, Curry, trustee, and others, Blue, special commissioner, and all their co-defendants, including the Curry and Bitner Lumber Company, parties defendant thereto, and alleging, in substance, that in their deed of July 10, 1905, to Curry, trustee for himself and others, they had reserved a lien for $3,444.45, with interest, balance of purchase money due them, evidenced by the two promissory notes of the said Curry, trustee for himself and Bitner, each for the sum of $1,722.22-1/2, upon their two thirds undivided interest in said timber, as shown by their deed exhibited with the bill of said Blue, the first of which notes had been paid, but that the second, subject to a credit of $500.00 paid February 19, 1908, remained unpaid; and that after allowing said credit there remained due to them on said second note, as of February 19, 1908, the sum $1480.56, for which they asked a personal decree, and if not paid that the said interests of Curry and Bitner in said timber, subject to the rights of said Blue, special commissioner, on the whole interest, might be sold to satisfy the same.

To this cross answer of Bradford and Poling, Curry and Bitner responded, reluctantly charging, they say, that Bradford and Poling had confederated and cooperated with their co-defendant and business partner Felty in perpetrating a fraud upon them, in purchasing the Hart timber, of such a character

that a court of equity should afford them no relief. They principally rely upon the charge that Bradford and Poling, were the agents of Hart in the sale of the timber to them, and, that the immediate conclusion of the purchase of said timber from Bradford and Poling was negotiated between them and Felty, their co-defendant, with whom it is alleged they combined and colluded to induce respondents to believe that the consideration therefor was $40,000.00, and not the actual consideration agreed upon of $27,500.00; that they had concealed the truth from respondents and had thereby enabled Felty to obtain his one-third undivided interest therein, free from encumbrance, by the payment to them of only $833.33, except as to the lien of Blue, special commissioner; for which fraud they charge a court of equity should deny them any relief, and should deny to the defendant Hart or his assignee George any right to the $5,709.91, and paid by them in to court, on April 23, 1908, in order to prevent a sale of their timber by said Blue, special commissioner, and for which amount they pray for a decree against Bradford and Poling.

Hart and George also filed answers to the bill of Blue, special commissioner, and to the cross bill of Curry, trustee.

On the record as presented, the final decree of October 1, 1908, was pronounced, adjudging, among other things, that George, assignee of Hart, to whom the balance, $5,789.35, found to be due from Curry and Bitner to Blue, special commissioner, had been turned over on his bond, was entitled thereto, and which sum was accordingly decreed to him, and that he should retain the same; also adjudging that Bradford and Poling were entitled to recover of Curry, trustee, and in his own right, and of Bitner, the sum of $1,517.95, balance with interest due from them on their last purchase money note, secured by the vendor's lien reserved on their two thirds undivided interest in said timber rights and privileges, and adjudging that they do pay said sum to said Bradford and Poling, with interest from that date, and the costs of said suit still unpaid, within thirty days from the rising of the court, and in default thereof, that the commissioner appointed should make sale of said two thirds interest at public sale, to satisfy the same; and also adjudging that the cross bill of Curry and Bitner, in so far as affirmative relief was sought should be and the same was thereby dismissed.

The first point of error relied on is, that the Curry and Bitner Lumber Company, though made a defendant to the cross bill of Curry and Bitner, and to the answer and cross bill of Bradford and Poling, was not made a defendant to the original bill, was not served with process on either of said original or cross bills, and had made no appearance in the cause, and that the final and prior decrees appealed from, affecting its title and interest to the timber, are absolutely void.

The prior decree of April 23, 1908, referred to, reserving certain rights, adjudged the amount due Blue, special commissioner, and that he recover the same from Bradford and Poling, and unless paid, that Blue should sell the timber conveyed in satisfaction thereof. But this sum was subsequently, on July 17, 1908, prior to the final decree, paid by Curry and Bitner into court, in satisfaction and discharge of said decree; so that the appellant company is no longer affected thereby; but it stands in different situation with reference to the final decree in favor of Bradford and Poling; for there is the decree to sell the two thirds undivided interest of Curry and Bitner in the timber conveyed to it.

The record shows that no process was served on said company, either upon the cross bill of Curry and Bitner, or upon cross bill of Bradford and Poling. It does appear, however, that it took and filed depositions in the cause, on matters pertinent to the issues on both cross bills, and the final decree shows that the cause was brought on to be heard not only on these cross pleadings, but also upon said depositions; and the further recital of the decree is, "as well as the answer of Curry and Bitner to the cross answer of Poling and Bradford filed herein, on the 22nd day of September, 1908, *to which answer all of the defendants reply generally;* and it appearing to the court that this cause has been regularly matured at rules and set for hearing on motion of the plaintiff, and the same is now argued by counsel." The caption of these depositions recites that they were taken "to be read as evidence on behalf of John Curry in his own right, and as trustee, and on behalf of E. E. Bitner, and the Curry & Bitner Lumber Company, upon the hearing of their cross petition filed in the foregoing cause, and pursuant to notice hereto attached." The lumber company had filed no cross petition or answer; but Curry and Bitner had. Appear-

ance was by "Samuel V. Woods, counsel for Curry and Bitner Lumber Company."

It is claimed by counsel for appellees that the words of the final decree, "to which answer all the defendants reply generally", includes a general replication by the lumber company to the cross answer of Bradford and Poling. Grammatically construed this would be the effect of this language, for the words "to which answer" would apply to the last antecedent answer referred to. We are disposed to give it that construction, not only because it is grammatically proper to do so, but because the record convinces us that it was the intention of the lumber company to appear.

Did these affirmative acts of the lumber company amount to an appearance in the cause, giving the court jurisdiction to pronounce the decree of sale on the cross bill of Bradford and Poling? We think they should be so regarded. True the caption to the depositions seems to limit them to "their cross petition"; but the lumber company had no cross petition, unless it should be deemed to have adopted that of Curry and Bitner. That petition, however, called forth the cross answer of Bradford and Poling; the one was involved in the other; the matter of the depositions related to the issues presented by both, and notwithstanding the language of the caption, they were evidently intended to cover both. This is not like the question we had in *White* v. *White,* 66 W. Va. 79, where we held that acceptance of notice to take depositions does not amount to an appearance in the suit or action. Here the lumber company was the actor; it gave the notice, and took and filed the depositions in the cause, and had the cause brought on and heard thereon. We think this was an appearance, in the cause, otherwise than to object to the legality of the service or want of service of process binding it. *Shuler* v. *Amer. Benev. Ass'n.* (Mo.) 111 S. W. 618; 11 Current Law, 256.

But if we should say that these acts of the lumber company, did not amount to an appearance, it could not be heard to complain in this Court in the first instance. It would first have to apply to the circuit court, pursuant to section 5, ch. 134, Code 1906. *Adamson* v. *Peerce,* 20 W. Va. 59; *Watson* v. *Wigginton,* 28 W. Va. 533; *Stout* v. *Philippi Mfg. Co.,* 41 W. Va. 339; *Slingluff* v. *Gainer,* 49 W. Va. 7; *Smith's Executors* v. *Powell,* 68 W. Va.

98 Va. 427; *Capehart* v. *Cunningham,* 12 W. Va. 750; *Carlon's Admr.* v. *Ruffner, Id.* 297; *Ferguson* v. *Millender,* 32 W. Va. 30.

The other questions presented relate to the fraud alleged: First, did Hart, and Bradford and Poling perpetrate any fraud upon Curry, trustee, for himself and Bitner, as alleged in their cross bill? or, second, did Poling and Bradford, colluding with Felty, defraud Curry and Bitner, so as in any way to deprive them in equity of their right to recover the purchase money due them, and to enforce the lien therefor reserved in their deed?

We have carefully examined and considered the pleadings and evidence touching these two charges, and are unable to say that the decree below erred in denying the appellants the relief sought thereon. That Curry and Bitner may have been deceived and defrauded by their co-partner and associate Felty may be true; but through the Curry and Bitner Lumber Company they sued Felty in the courts of Pennsylvania and obtained full redress for that wrong. Felty, it is conceded by appellants, represented them in the final consummation of the sale and purchase of the timber from Bradford and Poling. He was their agent, not the agent of either Hart, or Bradford and Poling. While some of the documentary evidence, deed made, receipts given, and letters interchanged between Felty and Poling, viewed from the present, have some ear marks of fraudulent intent on the part of Felty, there is nothing in the evidence satisfying us that either Hart or Bradford and Poling, had at the time any knowledge of the fraudulent intent on the part of Felty. The deed from them to Curry, trustee, and their receipts given to Felty, were as Felty directed them, and for the most part they were as open and patent to Curry and Bitner, as they could possibly have been to Bradford and Poling.

On the question of omitting the 72 acre tract from the survey and deed, we see nothing in this transaction evincing fraudulent intent upon the part of Hart, or Bradford and Poling. It does appear that Hart thought at the time of his contract with Bradford and Poling that he owned the 72 acres, and he no doubt originally intended to include it; but it was ascertained before the sale was reported to and by the consent decree confirmed by the court, that he could not give good title to this land, and other lands were substituted to make up the *quantum*

of acres.  Poling and Bradford with whom the· contract was made, made no complaint; and Felty testifies in substance, that he and his associates got all the land that he contracted for. Poling and Bradford undertook to sell and convey to Curry, trustee, only the land which they acquired under the court decree, and by the deed from Blue, special commissioner, and Hart and wife.  Appellants claim that this 72 acres was particularly pointed out to them by Hart on the ground as having a special value.  Hart denies this, but admits that while on the ground· they passed over this land, and it was referred to, but that it had very little, if any, value' over the land that was included.  We do not, therefore, find any fraudulent intent, upon the part of either Hart or Bradford and Poling, in omitting this land from the survey and deed. ·

We have not overlooked another ground for relief alleged by Curry and Bitner, namely, the breach of Hart's contract to procure rights of way over a certain route for a railway.  Appellants selected a different, longer and more expensive route than the one contracted for, and never demanded of Hart performance of his contract or paid him the $200.00 as agreed.  We see little, if any, merit in this claim.

We deem it unnecessary to further detail the evidence, and our conclusion is to affirm the decrees below.        *Affirmed.*