# Wytheville.

## JEFFRIES AND OTHERS V. JEFFRIES' EXECUTOR AND OTHERS.

### June 13, 1918.

1. INFANTS—*Appearance—Guardian Ad Litem.*—In an order re-viving a suit, counsel for one of the defendants was appointed guardian *ad litem* for an infant, who was interested in the result of the suit. No answer was filed by him as guardian *ad litem*, but the decree ordering the revival was endorsed "seen" and signed by him, though nothing appeared to indicate that he signed it as guardian *ad litem.*

   *Held:* That this was not sufficient evidence of acceptance of the office of guardian *ad litem*, and certainly did not amount to an appearance of the infant by his guardian.

2. PARTIES—*Service of Process—Averments in Bill.*—A person cannot be made a party by simply naming him as a defendant and serving him with process. The bill must contain averments showing some cause for relief against him, else he is no party to the litigation.

3. PARTIES—*Service of Process—Averments in Bill—Case at Bar.*—A suit to set aside a deed from husband to wife as fraudulent was revived on the death of the husband. Under the deed alleged to be fraudulent the wife had only a life estate with remainder to the grantor's children. The children were not made parties to the suit and the deed was not filed as an exhibit with the bill, but was subsequently introduced in evidence. When the case was revived upon the death of the grantor in the deed, the recital in the decree of revival plainly showed that it was revived against his children as heirs of the grantor, and not as remaindermen in the deed from the grantor to his wife. Indeed, it could not have been otherwise, as there was not an allegation in the bill in any way affecting the children. There was nothing in the pleadings to show that they had any manner of interest in the litigation, and if they had been made parties during the lifetime of their father, the case would have been dismissed as to them for lack of interest in the litigation upon the face of the pleadings. They could not, with propriety, have been made parties defendant to the suit, otherwise than as heirs of the grantor, without so amending the bill as to set out their interest under the debt.

*Held:* That the children never having been made parties as remaindermen under the deed, they could not be bound by a decree in the suit.

4. SERVICE OF PROCESS—*Publication—Default.*—When a suit in equity is matured by order of publication against a non-resident, who does not appear, the bill is not taken for confessed, but the case is simply set for hearing on the process thus executed. It is the duty, therefore, of the complainant, to prove his case. If, as in the instant case, this proof is offered in the form of depositions, the defendant is entitled to notice of the time and place of taking them, else they cannot be read against him. This notice may be constructive, as well as the notice to commence the suit. But there must be notice of some kind and this notice must be given before the depositions are taken. Notice afterwards comes too late.

5. SERVICE OF PROCESS—*Publication—Of What Proceedings Notice.*—It is entirely competent for the legislature to dispense with more than one publication, and to provide that one publication shall be notice of all proceedings in the cause subsequent to the completion of the order, and the legislature of this State has so provided by section 3232 of the Code of 1904. Under this section, "the case may be tried or heard" as to the non-resident, but the section does not authorize the taking of the bill for confessed at any time nor the doing of any act before the completion of the order. Depositions taken before that time without other notice than that furnished by the order are not taken pursuant to the statute, and cannot be given in evidence against a non-resident who has not appeared in the case, nor assented thereto.

6. FRAUDULENT AND VOLUNTARY CONVEYANCES—*Parties to Action.*—In a suit to set aside a deed as fraudulent, the remaindermen under the deed are necessary parties.

7. APPEAL AND ERROR—*Parties—Objection for First Time on Appeal.*—Where there is such a defect of parties to a suit that injustice may be done if the absent parties be not before the court, the Supreme Court of Appeals will remand the case in order that proper parties may be brought before the court, although no objection on that ground was made either in the trial court or on appeal.

Appeal from a decree of the Circuit Court of Prince William county. Decree for complainant. Defendants appeal.

*Reversed and remanded.*

The opinion states the case.

*C. E. Nicol, R. A. McIntyre, Howard W. Smith* and *Eppa Hunton, Jr.,* for the appellants.

*Moore, Keith, McCandlish & Hall, Wm. H. Gaines, Jno. S. Barbour, Greenville Gaines* and *Wilson M. Farr,* for the appellees.

BURKS, J., delivered the opinion of the court.

The parties to this litigation have at great trouble and expense endeavored to prepare the suit for a hearing on the merits, and have presented for our consideration a printed record of upwards of five hundred pages. The suit was brought in 1907. A large number of depositions have been taken in the case, and it is with regret that we find that, on account of defect of parties, the matters in controversy cannot now be determined on their merits.

The bill was filed in the Circuit Court of Fauquier county by Eustace Jeffries against James P. Jeffries, his nephew and attorney, charging the latter with many acts and transactions by which it is alleged he had fradulently possessed himself of nearly the entire estate of the complainant. The bill also charges that James P. Jeffries had fraudulently and without consideration conveyed to Mary H. Jeffries, his wife, all of the property of the complainant so acquired as aforesaid; and that his wife had notice of the fraud affecting her title; and the bill prays that the various fradulent transactions charged, including the deed to his wife, may be set aside as clouds on complainant's title, that the title to the land be declared to be in the complainant, and that sundry deeds mentioned in the bill be set aside as clouds on his title. The only parties made defendants were James P. Jeffries and his wife, Mary H. Jeffries. Soon after the bill was filed James P. Jeffries was adjudged to be of unsound mind and C. M. White, who was counsel for the said Mary

H. Jeffries, was appointed committee and guardian *ad litem* for the said James P. Jeffries, and subsequently filed his answer in that capacity. The suit was transferred from the Circuit Court of Fauquier county to the Circuit Court of Prince William county, April 5, 1909, where it was finally heard and determined.

The bill is very lengthy, and sets forth in great detail all of the alleged fraudulent acts and transactions sought to be annulled. The deed above mentioned from Jeffries to his wife was not filed as an exhibit with the bill, but was subsequently introduced in evidence. After setting out the details of the alleged fraud, the bill makes the following charge with reference to the deed from Jeffries to his wife: "Your orator shows that said James P. Jeffries, still intending and contriving, after your orator became aware of his perfidious and unfaithful conduct, to prevent your orator from compelling him to make restitution, and intending to keep to himself the fruits of his fraudulent efforts, and intending. still further to · hinder, delay and defraud your orator, by deed dated the ...... day of ..............., 19...., and recorded in the clerk's office of Fauquier county, Virginia, in deed book ........, page ........, fraudulently and deceitfully, and without valuable consideration, conveyed to Mary H. Jeffries, his wife, all of his property, including that purchased by him, as above, who, with notice of the fraud affecting his title thereto, has accepted and retained the title to the same, and refused to make restitution to your orator." The prayer of the bill, after asking that various transactions be set aside, also asks that "his subsequent conveyance thereof to his wife be set aside and annulled as clouds on your orator's title." The bill contains no statement of any fact affecting the interest of the children of James P. Jeffries, makes no charge of fraud on their part, and, in fact, does not mention them. But in the course of the introduction of evidence in the

case, the deed from James P. Jeffries to his wife was introduced in evidence. This deed shows that, as to a portion of the most valuable tract of land in controversy, known as "Rhode Island," containing two hundred acres, the conveyance was to the wife for life, with remainder in fee to his two children, Nannie S. P. Jeffries and James P. Jeffries, Jr., who were then infants. They were thus given vested remainders in fee in said two hundred acres of land. During the progress of the suit both the complainant and the defendant, James P. Jeffries, died, and the suit was revived by decree made June 5, 1908. As to the defendant, James P. Jeffries, the revival was made on motion of his daughter, who had in the meantime become of age and married, against herself and James P. Jeffries, Jr., who was still an infant. In the order of revival, C. M. White, who was counsel for Mrs. Jeffries, was appointed guardian *ad litem* for James P. Jeffries, Jr. No answer was filed by him as guardian *ad litem*, but the decree ordering the revival is endorsed "seen" and signed by White, though nothing appears to indicate that he signed it as guardian *ad litem*. This was not sufficient evidence of acceptance of the office of guardian *ad litem*, and certainly did not amount to an appearance of the infant by his guardian. *Alexander* v. *Davis*, 42 W. Va. 465, 26 S. E. 291. By decree entered November 22, 1911, the death of White is suggested and R. A. McIntyre, who had succeeded him as counsel for Mrs. Jeffries, was appointed guardian *ad litem* for James P. Jeffries, Jr. No answer was filed by McIntyre as guardian *ad litem*, and there is no evidence that he ever accepted the appointment. It was stated at the bar of this court during the oral argument that he did not know of his appointment. No process was ever served on the infant, and he never appeared by guardian *ad litem* or otherwise, and hence was never brought before the court.

In April, 1915, counsel for Mrs. Jeffries stated to counsel

for the complainants that they did not represent the children of James P. Jeffries. All of the depositions in the case had then been taken, and counsel for the complainants then sought to revive the case against the two children, both of whom in the meantime had become of age, by *scire facias.* The *scire facias* was twice sued out without getting service, and thereupon, on July 20, 1915, an order of publication was issued against the children, which was duly published and posted as required by law.

When the case was revived as to James P. Jeffries, in June, 1908, the recital in the decree of revival plainly shows that it was revived against his children as heirs of James P. Jeffries, and not as remaindermen in the deed from Jeffries to his wife. Indeed, it could not have been otherwise, as there was not an allegation in the bill in any way affecting the children. There was nothing in the pleadings to show that they had any manner of interest in the litigation, and if they had been made parties during the lifetime of their father, the case would have been dismissed as to them for lack of interest in the litigation upon the face of the pleadings. Under the allegations of the bill, there was no more reason why they should be made parties than any other persons in Fauquier county. Why they were not made parties in the first instance is a mere matter of conjecture, but it would seem, from reading the charges of the bill, and its prayer, that the wife only was made a party because counsel in the preparation of the bill overlooked the fact that the two children had a direct and substantial interest in two hundred acres of the most valuable land in controversy. This interest is in no way assailed by the bill, and they are unaffected by any decree that has been, or could have been, made in the case, in its then condition, affecting their interest under the deed from James P. Jeffries to his wife. They could not, with propriety, have been made parties defendant to that suit, otherwise than as heirs

of James P. Jeffries, without so amending the bill as to set
out their interest under said deed. Neither the *scire facias*
nor the order of publication attempted to accomplish this
result, nor could they have been effectual to do so. The
order of publication was simply a process to bring them in
to answer the charges made in the bill. It could not call
upon them to answer statements made in the evidence. If,
in answer to this process, they had inspected the bill, they
would have found nothing in it that could in any way have
affected their interest acquired under the deed from James
P. Jeffries to his wife, and no decree affecting such interest
would have been binding upon them. A person cannot be
made a party by simply naming him as a defendant and
serving him with process. The bill must contain averments
showing some cause for relief against him, else he is no
party to the litigation. *R. D. Johnson Milling Co.* v. *Read,*
76 W. Va. 557, 85 S. E. 726; *Moseley* v. *Cocke,* 7 Leigh (34
Va.) 224; *Gurnee* v. *Bausemer,* 80 Va. 867; and cases cited.

But even if the bill had been so amended as to contain the
needful allegations, the failure to appear in response to
the notice by publication would not have been a confession
of the allegations of the bill, nor a waiver of the notice re-
quired to take the depositions in the case. When a suit in
equity is matured by order of publication against a non-
resident, who does not appear, the bill is not taken for con-
fessed, but the case is simply set for hearing on the process
thus executed. It is the duty, therefore, of the complain-
ant, to prove his case. If, as in the instant case, this proof
is offered in the form of depositions, the defendant is en-
titled to notice of the time and place of taking them, else
they cannot be read against him. This notice may be con-
structive, as well as the notice to commence the suit. But
there must be notice of some kind and this notice must be
given before the depositions are taken. Notice afterwards
comes too late. Compare *Pennoyer* v. *Neff,* 95 U. S. 714,

24 L. Ed. 565. It is entirely competent for the legislature to dispense with more than one publication, and to provide that one publication shall be notice of all proceedings in the cause subsequent to the completion of the order, and the legislature of this State has so provided by section 3232 of the Code. This section provides, among other things, that "the case may be tried or heard as to tem and no other publication or notice shall be thereafter required in any proceeding in court, or before a commissioner, or for the purpose of taking depositions, unless specially ordered by the court as to such defendant or unknown parties, but if they should be represented by counsel residing in this State of record, or known to the plaintiff, reasonable notice of any proceeding before a commissioner, or of the taking of depositions should be given to such counsel or any of them if there be more than one." Under this section, "the case may be tried or heard" as to the non-resident, but the section does not authorize the taking of the bill for confessed at any time, nor the doing of any act before the completion of the order. Depositions taken before that time without other notice than that furnished by the order are not taken pursuant to the statute, and cannot be given in evidence against a non-resident who has not appeared in the case, nor assented thereto. All of the testimony in this case was so taken, and certainly as to James P. Jeffries, Jr., if not as to his sister, cannot be read, as he has never appeared by guardian *ad litem,* nor in person, and has not otherwise assented thereto. He has confessed nothing. He has waived none of his rights, and the order of publication awarded after all the depositions were taken cannot deprive him of the notice to which he was entitled. He was, and is, a necessary party to the suit, and no decree affecting his interest under the deed from James P. Jeffries to his wife can be made in the suit in its present condition without seriously jeopardizing his rights. So far, then, as affects the

remainder interest of the children of James P. Jeffries in the two hundred acres aforesaid, the decree of the circuit court is in no wise binding upon them.

It is insisted by counsel for the appellee that the objection of the want of proper parties cannot be made for the first time *in this court,* and the following cases are cited to support that position: *Blue* v. *Poling,* 68 W. Va. 547, 70 S. E. 279; *N. & P. Co.* v. *Norfolk,* 115 Va. 169, 78 S. E. 545, Ann. Cas. 1914 D, 1067; *Redd* v. *Supervisors,* 31 Gratt. (72 Va.) 685. In the instant case, as to the two infant defendants, there was neither process against, nor appearance for, them while infants. There was no charge in the bill as to the deed to their mother which they were called upon to answer, and the order of publication, awarded against them after they became of age, was not awarded until all the evidence against them had been taken. This evidence, as we have seen, could not be read against them, and there was no evidence in the case upon which to base a decree affecting their interests under the deed from James P. Jeffries to his wife. It was necessary that the case should be in a proper condition to pass upon their rights under this deed before any decree could be made affecting the interest of Mrs. Jeffries under the same deed. The interests of the children of James P. Jeffries arising under the deed to his wife are so intimately connected with the interest of his wife arising under that deed that the latter cannot be passed upon without also passing upon the interests of said children who have had no opportunity to be heard on the questions involved. Under these conditions, we have held that, "Where there is such a defect of parties to a suit that injustice may be done if the absent parties be not before the court, this court will remand the case in order that proper parties may be brought before the court, although no objection on that ground was made either in the trial court or here." *Wasserman* v. *Metzger,* 102 Va.

837, 47 S. E. 820.  In the instant case, the children of Mrs. Jeffries were never parties to the suit as remaindermen under the deed to her.  *Moseley* v. *Cocke, supra; R. D. Johnson Milling Co. v. Read, supra.*  The order of publication did not supply the deficiency in the allegations of bill, and even if it could have done so, it came too late to authorize the reading of the depositions taken in the cause.

For these reasons, the decree of the circuit court must be reversed, and the cause remanded, with direction to the circuit court to permit the complainants, if they shall be so advised, to so amend their bill as to put in issue the right of the children under said deed, or else to disclaim any purpose to question their rights thereunder.

*Reversed and remanded.*