## Richmond

SCOTT K. McDOUGLE, JR. v. ELIZABETH B. McDOUGLE AND RAYMOND H. McDOUGLE.

March 4, 1974.

Record No. 730381.

Present, I'Anson, Carrico, Harrison, Cochran, Harman and Poff, JJ.

*C. Willard Norwood; Barry W. Norwood* (*Norwood & Norwood,* on brief), for appellant.

*Robert W. Dervishian; William A. Dervishian* (*Dervishian & Hutzler,* on brief), for appellees.

COCHRAN, J., delivered the opinion of the court.

Hunter H. McDougle, a widow, executed two deeds dated January 25, 1972, one conveying a parcel of approximately 40 acres to her son, Scott K. McDougle, Jr., and the other conveying a parcel of approximately 19 acres to her other living son, Raymond H. McDougle. Thereafter, Raymond H. McDougle and Elizabeth B. McDougle, widow and devisee of Hunter McDougle's deceased son,

Charles S. McDougle, filed their bill of complaint against Scott K. McDougle, Jr., alleging that Hunter McDougle was without sufficient mental capacity to execute the deeds and praying that the deeds be rescinded and set aside.

After considering the evidence, most of which was taken by deposition but some of which was heard *ore tenus*, the chancellor found that Hunter McDougle lacked sufficient mental capacity to execute the deeds and by final decree ordered that they be set aside. We granted this appeal to Scott K. McDougle, Jr.

Without considering the merits of the case, we must reverse the decree appealed from because Hunter McDougle was not made a party to the litigation. Generally, a court cannot render a valid judgment when necessary parties to the proceedings are not before the court. *Patterson* v. *Anderson*, 194 Va. 557, 570, 74 S.E.2d 195, 203-04 (1953); *Harris* v. *Deal*, 189 Va. 675, 686, 54 S.E.2d 161, 166, (1949). Necessary parties include all persons having a legal or beneficial interest in the subject matter of a suit. *Kennedy Coal Corporation* v. *Buckhorn Coal Corp.*, 140 Va. 37, 49, 124 S.E. 482, 486 (1924); *Buchanan Co.* v. *Smith*, 115 Va. 704, 707-08, 80 S.E. 794, 795 (1914). The purposes of this rule are to prevent a multiplicity of litigation, *Kennedy Coal Corporation* v. *Buckhorn Coal Corp.*, *supra*, 140 Va. at 49, 124 S.E. at 486, and to avoid depriving a person of his property without giving him an opportunity to be heard. *Harris* v. *Deal*, *supra*, 189 Va. at 686-87, 54 S.E.2d at 166.

The only exceptions to the rule occur where it is "practically impossible" to join all parties in interest, and the absent parties are represented by others having the same interests, *Buchanan Co.* v. *Smith*, *supra*, or where an absent party's interests are separable from those of the parties before the court, so that the court may enter a decree without prejudice to the rights of the absent party. *Bonsal* v. *Camp*, 111 Va. 595, 600-01, 69 S.E. 978, 980 (1911). *Cf. Jeffries* v. *Jeffries' Ex'or*, 123 Va. 147, 155, 96 S.E. 197, 199 (1918). Neither exception applies in the present case.

Hunter McDougle was a necessary party for she had a material interest in the outcome of the litigation. *See Bonsal* v. *Camp*, *supra*, where we held that on a bill to rescind a contract for the sale of land all those substantially interested in the contract should be made parties. *See also Sowell* v. *Sowell*, 212 Ga. 351, 92 S.E.2d 524 (1956), holding that a court of equity is without jurisdiction to cancel a deed when the grantor is not a party to the suit. In the present case, the trial court's decree deprived Hunter McDougle of the right to dis-

pose of her property as she saw fit. Moreover, rescission of the deeds would require her to return whatever consideration she has received for the property.

■ Although no objection to the omission of Mrs. McDougle as a party was made in the trial court, it was assigned as error and argued before us. The objection does not come too late. *See Jeffries v. Jeffries' Ex'or, supra,* 123 Va. at 155, 96 S.E. at 199. We will not permit an adjudication to be made affecting the rights of one alleged to be incompetent unless that person has been made a party to the proceedings and afforded whatever protection her condition may require. Hunter McDougle was represented by her personal attorney, but only for the limited purpose "of preventing her from being submitted to an examination by a psychiatrist." This is not sufficient to make her a party or to satisfy us that her interests were adequately safeguarded.

Accordingly, the final decree of the trial court is reversed and the cause is remanded in order that Hunter H. McDougle may be made a party thereto and further proceedings may be conducted regarding the property.

*Reversed and remanded.*