COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Friedman and Lorish
Argued at Salem, Virginia


STEVE PENNINGTON, INDIVIDUALLY, ET AL.

                                     MEMORANDUM OPINION[*] BY
v.       Record No. 1754-24-3        JUDGE CLIFFORD L. ATHEY, JR.
                                      OCTOBER 28, 2025
LINDA JEAN COX OLIVER, ET AL.


FROM THE CIRCUIT COURT OF LEE COUNTY
H. Thomas Padrick, Jr., Judge Designate

Lamont D. Hamilton (Eboni T. Hamilton; The Hamilton Firm, PLC,
on briefs), for appellants.

Stephanie Chadwell Kinser for appellees.[1]


This appeal concerns a dispute regarding the validity of two documents, each purporting to be the last will and testament of Mary Jane Cox ("Mary"), deceased. Steve Pennington ("Pennington"), who was named as executor, initially sought to probate Mary's last will and testament executed in January of 2018 in the Circuit Court of Lee County ("circuit court"). However, Linda Jean Cox Oliver and Renda Sue Cox Hall (collectively, "appellees") subsequently sought probate of Mary's August 2018 last will and testament, in which they were named as joint executors of Mary's estate. Following protracted and acrimonious litigation over which of the two purported wills were the valid last will and testament of Mary, the circuit court

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After receiving an extension, Pennington filed his opening brief on March 11, 2025, making the appellees' brief otherwise due on April 10, 2025. Appellees did not submit their brief until May 1, 2025. But during that time, Pennington's brief was amended twice to correct deficiencies, and he submitted a final amended opening brief on April 1, 2025. After reviewing the parties' motions and argument on the matter, we found good cause to accept appellees' brief and permitted them to participate in oral argument. *See* Rule 5A:19(b)(3); Rule 5A:26.

ruled that because Pennington failed to comply with discovery, the appellees were granted default judgment in their favor. However, prior to the circuit court entering its final order, Pennington moved to dismiss appellees' case based upon the failure of the appellees to join all the named beneficiaries in the January 2018 will as party defendants. The circuit court denied the motion to dismiss and entered a final order of default judgment.

On appeal, Pennington contends that the circuit court erred: 1) by denying his motion to dismiss because the August 2018 will was not valid; 2) by granting the appellees' motion for default judgment since appellees' discovery requests were improperly served upon Pennington via email; 3) by denying his subsequent motion to dismiss based upon appellees' failure to join all the necessary party defendants including the beneficiaries of the January 2018 will; and 4) by denying his motion requesting that the circuit judge recuse himself from presiding over the case.

Here, all the beneficiaries of the January 2018 will were necessary party defendants that the appellees failed to name as defendants in their complaint. And Pennington—either individually or as executor of Mary's estate—was unable to represent all the interests of the necessary parties. Hence, as a result of the appellees' failure to join all the necessary party defendants in their complaint, we reverse and remand the matter to the circuit court for further proceedings consistent with this opinion.

## I. BACKGROUND[2]

On March 5, 2019, appellees sued Pennington individually and in his capacity as executor of Mary's estate in the circuit court. Their complaint alleged that Mary had subsequently executed a second last will and testament on August 13, 2018, that "revoked any and all wills prior made." The complaint further alleged that based upon the terms in the August

---

[2] We recite the facts in the light most favorable to the appellees, the prevailing party below. *See Harris v. Washington & Lee Univ.*, 82 Va. App. 175, 183 n.1 (2024).

13, 2018 will, the previous January 9, 2018 will that had been admitted to probate by Pennington was revoked and no longer the valid last will and testament of Mary. Hence, the complaint prayed for the circuit court to declare Mary's August 2018 will her valid last will and testament and to admit the will to probate. As a result of the requested relief, Pennington would be removed as executor of Mary's estate, and the appellees were to serve as co-executors of Mary's estate consistent with the terms of Mary's August 2018 valid last will and testament.

The terms of the January 2018 will had directed that the entirety of Mary's estate, except for 26 acres of real estate located in St. Charles, Virginia, be divided equally among Mary's children, Linda Jean Cox Oliver, Renda Sue Cox Hall, and Carla Jane Cox Pennington ("Carla"), who is Pennington's wife. The excepted 26 acres of real estate mentioned in the January 2018 will was also to be sold and divided equally between Mary's seven grandchildren, Curtis Hall, Deana Hilton, Ezra Rogers, Waylan Hall, Steven Pennington,[3] Mary Edwards, and Troy Hall. As previously mentioned, Pennington was to serve as executor of Mary's estate pursuant to the terms of the January 2018 will, which was notarized and attested by two witnesses before being admitted to probate on December 18, 2018, the day after Mary died.

The subsequent August 13, 2018 will "revoke[d] all wills and codicils heretofore made by [Mary]." Moreover, the August will provided that the entirety of Mary's estate, save for a 28 1/2 acre tract of land in St. Charles, Virginia, be divided between only Linda and Renda. The August 2018 will also provided that the 28 1/2 acre tract of real estate was to be sold and divided equally between only four of Mary's grandchildren, Curtis Hall, Ezra Rogers, Waylan Hall, and Troy Hall. The will further provided that Mary "ma[d]e the foregoing having my daughter, Carla

---

[3] We refer to Pennington's son, Steven Pennington, either by his full name or as "Steven" to avoid confusion with his father, the appellant.

Pennington and any other grandchildren in mind." The will further appointed the appellees as co-executrices of Mary's estate and was also notarized and attested to by two witnesses.[4]

On October 4, 2021, Pennington filed a "Defendant's Notice and Motion to Dismiss" in which he contended that the August 2018 will was invalid because it was not signed by two competent witnesses. Pennington also asserted that appellees' failure to respond to his discovery requests should result in the case being dismissed. His "Defendant's Notice and Motion to Dismiss" was to be heard on October 12, 2021; however, on October 6, 2021, the appellees' counsel moved to continue the October 12, 2021 hearing because of a conflict with a trial previously set in Wise County. Pennington objected to the continuance, contending that the appellees had been aware of the October 12 hearing date "since approximately January 25, 2021." The appellees responded to discovery on October 12, 2021, and filed their own discovery requests on October 15, 2021. Pennington next filed a motion to compel discovery, a motion for sanctions, and a motion to dismiss, which were heard on November 9, 2021, and denied.

All the circuit court judges in the 30th Judicial Circuit subsequently recused themselves from the matter, and on August 29, 2022, Chief Justice Goodwyn appointed the Hon. H. Thomas Padrick, Jr. ("Judge Padrick") to serve as circuit judge in the case. On August 8, 2023,

---

[4] After the circuit court granted a demurrer, appellees filed an amended complaint on November 6, 2019, praying that the August 2018 will be admitted to probate and that Pennington be removed as executor. On November 18, 2019, Pennington demurred to the appellees' complaint as having no legal basis for the request to remove him as executor and that he could not be sued in his individual capacity, only as the executor of Mary's estate. The demurrer also contended that the appellees "must name as a defendant(s), a person(s) interested in the Will who has/have a beneficial interest at stake under the Will" since Pennington was "merely a representative fiduciary and does not have an interest as a beneficiary under the Will." The circuit court held a hearing on the demurrer, but the record does not contain an order from the circuit court, and there was no court reporter present. The alleged details of the hearing come from Pennington's various filings throughout the case, and he repeatedly states that the demurrer was granted. Inexplicably, Pennington remains in the case in the circuit court and on appeal in both his individual and official capacities. Furthermore, neither party asserts that the circuit court made any other rulings or findings during the November 18, 2019 hearing.

Pennington subsequently filed a motion to reconsider the circuit court's previous ruling denying his motion to dismiss. On August 28, 2023, the appellees filed a motion to compel discovery, contending that Pennington had failed to respond to their discovery requests. The circuit court heard argument on September 19, 2023, and denied Pennington's motion to reconsider his previous motion to dismiss.

On April 19, 2024, the parties entered a scheduling order setting the matter for a jury trial to commence on August 26, 2024. On August 15, 2024, appellees filed a motion *in limine* seeking to sanction Pennington for not responding to their discovery requests. Pennington responded that he had not received any discovery requests by mail and that even though he had received discovery requests by email, he was not required to respond since he had not been properly served.

On August 23, 2024, the circuit court heard argument on the appellees' motion *in limine* before orally granting it and issuing a default judgment in favor of appellees. On August 26, 2024, Pennington moved the circuit court to reconsider its ruling granting the motion for sanctions. Pennington also filed another motion to dismiss on August 27, 2024, in which he argued that the case should be dismissed because the appellees "failed to name or make any of the beneficiaries" to the January 2018 will parties to the lawsuit. The circuit court held a hearing on the motion to dismiss that same day. Counsel for the appellees objected to the motion to dismiss because the issue had been "waived" and Pennington's motion was "simply another in his pattern of ongoing last minute throw everything in the kitchen sink" litigation tactics. The circuit court denied the motion to dismiss, stating that the motion was "almost like trial by ambush" and was filed "at the last minute."

On September 24, 2024, the circuit court granted appellees' motion *in limine*[5] and entered default judgment on behalf of the appellees. The circuit court further ordered, inter alia, that 1) the August 2018 will was valid, 2) the January 2018 will was void and revoked, 3) Pennington was removed as executor, 4) appellees were appointed co-executrices, 5) appellees were entitled to $1,750 in attorney fees, 6) Pennington's latest motion to dismiss was denied, and 7) Pennington's motion to reconsider was denied. Pennington noted his objections to the circuit court's final order and appealed.[6]

## II. ANALYSIS

### A. *Standard of Review*

Whether a will complies with Code § 64.2-403 is a mixed question of law and fact reviewed de novo on appeal. *See Irving v. Divito*, 294 Va. 465, 471-73 (2017) (construing the statute de novo while deferring to the circuit court's "factual determination" because it was not plainly wrong). "Whether a party is a necessary party to a particular claim is a question of law that we review de novo." *Synchronized Constr. Servs. v. Prav Lodging, LLC*, 288 Va. 356, 363 (2014). This Court reviews "a circuit court's decision to allow a matter to proceed without necessary parties for an abuse of discretion." *Marble Techs., Inc. v. Mallon*, 290 Va. 27, 32 (2015) (citing *Michael E. Siska Rev. Trust v. Milestone Dev., LLC*, 282 Va. 169, 176-81 (2011)). A "court by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous

---

[5] The order noted that the circuit court had previously granted appellees' motion *in limine* on August 23, 2024. The record contains an unsigned order from that date that includes language granting the appellees' motion *in limine*.

[6] Pennington filed a statement of facts after the necessary transcripts had been filed. The appellees objected to the statement of facts, and the circuit court did not certify the statement. Accordingly, we do not consider the statement of facts. *See* Rule 5A:8(c).

legal conclusions." *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (alteration in original) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

B. *The circuit court erred regarding appellees' failure to name a necessary party.*

Pennington argues that the complaint should have been dismissed because it failed to name any beneficiaries of the January 2018 will as defendants. Although we agree with Pennington that there were necessary parties that were not named as defendants in the complaint, we do not agree that dismissal is the appropriate remedy.

1. Carla, Steven, Mary, and Deana were necessary parties to this suit and were not joined.

"All persons interested in the subject matter of a suit and to be affected by its results are necessary parties." *Bonsal v. Camp*, 111 Va. 595, 598 (1911) (quoting *Gaddess v. Norris's Ex'rs.*, 102 Va. 625, 630 (1904)). "Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause." *Allen v. Chapman*, 242 Va. 94, 99 (1991). "Generally, a court cannot render a valid judgment when necessary parties to the proceedings are not before the court." *Milestone Dev., LLC*, 282 Va. at 176 (quoting *McDougle v. McDougle*, 214 Va. 636, 637 (1974)). "[N]ecessary parties must be made parties to the suit." *Id.* at 175 (quoting *Buchanan Co. v. Smyth's Heirs*, 115 Va. 704, 708 (1914)).

"[T]he necessary party doctrine is calculated to ensure that all parties central to a dispute can have their interests resolved, so that absent parties' interests are not adversely affected and participating parties may be awarded complete relief." *Synchronized Constr. Servs.*, 288 Va. at 366. "[I]n a suit for distribution of an estate, all fiduciaries and distributees are necessary parties." Kent Sinclair, *Virginia Civil Procedure* § 5.17 (2020); *see generally Sheppard v. Starke*, 17 Va. (3 Munf.) 29 (1811).

Here, Mary's January 2018 will named her children, Linda, Renda, and Carla, as the heirs of her estate, and her seven grandchildren as additional beneficiaries of the sale of the St. Charles real estate. Mary's August 2018 will only gives Linda and Renda equal shares of the estate, and Deana Hilton, Steven Pennington, Mary Edwards, and Carla are not included as beneficiaries. Their absence from the August 2018 will renders them "materially interested either legally or beneficially in the subject matter or event of the suit." *Allen*, 242 Va. at 99. If the January 2018 will is valid, Carla, Deana, Steven, and Mary stand to inherit, and vice versa as to the August 2018 will. This case directly involved a challenge to the authenticity and validity of the two purported wills, with the January 2018 will having already been admitted to probate. Accordingly, we find that all the distributees of the January 2018 will are necessary parties and that absent an exception, should have been joined by the appellees.

2. <u>Since none of the exceptions to the necessary party rule apply here, the circuit court erred in proceeding to judgment without adding the necessary parties.</u>

Appellees contend that even if all necessary parties were not joined, reversal is inappropriate here because courts have the discretion to proceed in the absence of a necessary party. Although we agree that such discretion exists, none of the exceptions to the necessary party rule apply here.

The necessary party "rule is inflexible, yielding only when the allegations of the bill state a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill" or "that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons." *Jett v. DeGaetani*, 259 Va. 616, 619-20 (2000) (quoting *Kennedy Coal Corp. v. Buckhorn Coal Corp.*, 140 Va. 37, 49 (1924)). These exceptions have been organized into Rule 3:12. *Milestone Dev., LLC*, 282 Va. at 179 ("Rule 3:12 was intended to govern the exercise of trial court discretion in dealing with cases where a necessary

party has not been joined."). "Generally, a court should only decide a case on its merits if all necessary parties are before it," but "a circuit court has discretion to take steps to correct defects and to decide whether to exercise its discretion to permit the case to continue with the existing parties." *Marble Techs., Inc.*, 290 Va. at 32.

> A court can choose to proceed without a necessary party if (1) it is "practically impossible" to join a necessary party and the missing party is represented by other parties who have the same interests; (2) the missing party's interests are separable from those of the present parties, so the court can rule without prejudicing the missing party; or (3) a necessary party cannot be made a party, but the court determines that the party is not indispensable.

*Id.* (quoting *Milestone Dev., LLC*, 282 Va. at 176, 179-80); *see also* Rule 3:12.

In Virginia appellate cases that reach this issue, most of them review in the first instance whether the exceptions to the necessary party doctrine apply, while others simply dismiss the appeal without discussion once it is found that a necessary party was not added. *Contrast McDougle*, 214 Va. at 637 (discussing the exceptions but finding that they did not apply), *and Lamar Co. v. City of Richmond*, 287 Va. 322, 325 (2014) (applying the second exception on appeal and allowing a lessee to represent the lessors' interests), *and Howell v. McAuliffe*, 292 Va. 320, 337 (2016) (holding that it would be "practically impossible" to join 206,000 convicted felons), *and Watson v. Commonwealth*, 297 Va. 347, 353-54 (2019) (noting that "courts have discretion to continue with the existing parties" but "declin[ing] to exercise that discretion" on appeal), *and Garner v. Joseph*, 300 Va. 344, 352 (2021) (analyzing the exceptions on appeal but finding them inapplicable), *with Milestone Dev., LLC*, 282 Va. at 182 (declining to discuss the exceptions and stating that the Court "will not entertain this appeal on the merits" because the limited liability company was a necessary party that was not joined), *and Marble Techs.*, 290 Va. at 32 (declining to engage in an independent discussion of the exceptions because the circuit court had conducted a thorough review below).

- 9 -

Here, based on the consensus of cases from the Virginia Supreme Court, we find it appropriate to review the applicability of the exceptions on appeal; in doing so, we find that none apply. Regarding the first exception, we find that there was no evidence in the record that it would be "practically impossible" to join Carla, Deana Hilton, Steven, or Mary Edwards as a party to the suit. *Howell*, 292 Va. at 337.

Turning to the second prong, Carla, Deana Hilton, Steven, and Mary Edwards are all heirs of Mary's estate, while Pennington is only an executor of the estate. Although Pennington is seeking to enforce the January 2018 will, his interest in doing so is inherently different from those beneficiaries named in Mary's January 2018 will, particularly because of his status as the executor of the estate. *See Butt v. Murden*, 154 Va. 10, 15 (1930) ("[A]fter the will has been duly probated it is the duty of the executor named therein to defend suits brought to revoke such probate or to test the validity of the will."); *Salyers v. Salyers*, 186 Va. 927, 934 (1947) (finding an executor to be a proper witness to a will because "the interest of the executor, as such, is very small compared with the interest of the devisee or legatee"); *see also Reineck v. Lemen*, 292 Va. 710, 722 (2016) ("A person who sues or is sued in his official or representative capacity is, in contemplation of law, regarded as a person distinct from the same person in his individual capacity and is a stranger to his rights or liabilities as an individual."). And even though Pennington appears to remain in the suit in his individual capacity, he is not named as a beneficiary of the will and therefore has no individual interest in the matter. Additionally, in his simultaneous appearance in the case as an individual and the executor of the January 2018 will, Pennington's failure to respond to discovery resulted in a default judgment being entered against him without the circuit court ruling on the merits of the case. As a result, the record shows that Pennington was not "equally certain to bring forward the entire merits of the controversy as would the absent persons." *Jett*, 259 Va. at 619-20. Thus, we find that Pennington's appearance

in the case in any capacity was not sufficient to represent the interests of the other necessary parties.

Finally, there are no apparent impediments that would prevent Carla, Deana Hilton, Steven, or Mary Edwards to be made a party, such as it being impossible for them to be served with process. *See* W. Hamilton Bryson, *Bryson on Virginia Civil Procedure* § 5.03 (2025). Accordingly, Carla, Deana Hilton, Steven, and Mary Edwards were necessary parties to the suit, and none of Rule 3:12's exceptions apply to them; therefore, they should have been joined as parties in the lawsuit.

3. Pennington's motion was not untimely or moot.

Contrary to the appellees' assertions, Pennington's motion was not untimely made, nor moot. Although the timing of Pennington's motion is certainly not exemplary, his failure to raise the issue is not fatal to his claim under existing Virginia case law. *See McDougle*, 214 Va. at 638 ("Although no objection to the omission of Mrs. McDougle as a party was made in the trial court, it was assigned as error and argued before us. The objection does not come too late."); *Jeffrey v. Lea*, No. 1641-22-3, slip op. at 5-6 (Va. Ct. App. Dec. 20, 2022) (addressing the failure to add a necessary party when it was not raised in the circuit court).[7] And although our rules generally require such motions to be brought prior to the case proceeding as far as it did here— and we certainly do not endorse the late filing of such motions—the exceeding importance of the necessary party rule and its piercing effect on an otherwise seemingly valid judgment are foundational tenets of Virginia law. *See* Rule 3:12; *Watson*, 297 Va. at 353 (noting that an appellate court "may note the failure to join a necessary party sua sponte"); *McDougle*, 214 Va. at 638. As noted above, failure to add a necessary party goes to the validity of the circuit court's

---

[7] We cite unpublished cases for their informative and persuasive value, not as binding authority. Rule 5A:1(f).

- 11 -

final judgment, which had not yet been entered at the time that Pennington's motion was filed. Accordingly, Pennington's motion was not untimely.

Finally, the motion was not moot. "Generally, a case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist." *Va. Mfrs. Ass'n v. Northam*, 74 Va. App. 1, 18 (2021). "A case is moot if the relief requested by a litigant can no longer be granted." *Berry v. Bd. of Supervisors*, 302 Va. 114, 129 (2023).

Here, the August 23, 2024 order that purported to grant the default judgment was not signed by the circuit court. It was not until September 24, 2024—well after Pennington filed his motion to dismiss for failure to join a necessary party—that the circuit court entered its final order that was appealed to this Court. *See* Rule 1:1 ("The date of entry of any final judgment, order, or decree is the date it is signed by the judge either on paper or by electronic means in accord with Rule 1:17."). Therefore, the relief that Pennington requested could still be granted and the issue was not moot.

4. <u>The remedy for failure to join a party is not dismissal; rather, the circuit court must add the necessary parties to the suit if it is so inclined.</u>

In the circuit court and on appeal, Pennington argued that any failure to join a necessary party would result in dismissal of appellees' case. We disagree.

> No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

Code § 8.01-5; *see Fox v. Deese*, 234 Va. 412, 421-22 (1987) ("Clearly, the alleged nonjoinder of parties plaintiff was not a proper ground for dismissing this action.").

Here, because the circuit court erred in not adding necessary parties to the suit before it, its final judgment was invalid. But this does not demand dismissal of the case, only that such parties be added to the lawsuit on remand as determined by the circuit court. *See* Code § 8.01-5.[8]

### III. CONCLUSION

Carla and three of Mary's grandchildren stand to inherit under Mary's January 2018 will but will be disinherited under her August 2018 will. As a result, they are necessary parties to the lawsuit who should have been joined. Although exceptions to this rule exist and the circuit court could have applied them, it did not, and we find that none of them otherwise apply on appeal. Therefore, the circuit court's failure to add necessary parties to the suit renders its final judgment invalid. Accordingly, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

[8] We do not reach Pennington's remaining assignments of error, as judicial restraint requires us to base our decisions on the best and narrowest grounds. *Harris*, 82 Va. App. at 205 n.15. But Pennington argues if the August 2018 will was invalid, then "there is nothing for the Court to remand." Thus, we briefly address Pennington's challenge to the August 2018 will to further clarify why remand is the appropriate relief. Pennington's only argument challenging the validity of the August 2018 will is that the second page of the will is not a will at all but merely a "self-proving affidavit." But the record and Virginia case law does not support this argument. The typed August 2018 document consists of two pages, with the second page showing Mary's name and signature, a paragraph noting that the will was made "in the presence of said witnesses," and a statement that the witnesses were present at the time of the signing of the will that lists the names of the two witnesses and their signatures. As our Supreme Court noted more than a century ago, a will may be "written on more than one sheet of paper" and although it is "better practice . . . to have the testator sign each sheet," doing so "is not necessary," neither is it necessary that the "attesting witnesses . . . sign each sheet or acquaint themselves with the contents of a will." *Dearing v. Dearing*, 132 Va. 178, 183 (1922). Likewise, the placement of signatures before or after an "attestation" clause does not affect the validity of a will. *See Presbyterian Orphans Home v. Bowman*, 165 Va. 484, 490 (1935) (noting that it was "unimportant" to the validity of the will that the signatures of the testator and the witnesses appeared after the will's attestation clause). Therefore, remanding the case is the appropriate remedy.