## Wytheville.

# E. MARSHALL JEFFRIES, ET AL. v. NANNIE JEFFRIES ANTONSANTI, ET ALS.

### June 11, 1925.

### Argued before Judge Chichester took his seat.

1. EXECUTORS AND ADMINISTRATORS—*Legacies and Devises—Suit by Legatees Against Personal Representative and Debtor of the Estate.*—A legatee of a decedent's estate cannot maintain a suit against the personal representatives and another who is a debtor to the estate, except under special circumstances. But there is no fixed and rigid rule by which to determine what constitutes such special circumstances. The circumstances usually relied on, and which have been held sufficient to authorize such joinder, are the insolvency of the personal representative, collusion between him and the debtor, the fact that the debtor was a partner of the decedent, or a trustee holding property for, or an agent of, the decedent.

2. EXECUTORS AND ADMINISTRATORS—*Legacies and Devises—Suit by Legatees Against Personal Representative and Debtor of the Estate—Case at Bar.*—In the instant case, a will vested the legal title to property recovered in a suit which had been instituted by testator in the executor and directed the executor to prosecute the suit. The legatees under the will filed a bill against the executor and the defendants in the suit instituted by the testator, which bill they prayed might be treated as a cross-bill in that suit. Complainants relied on the following circumstances to take the case out of the general rule that a legatee cannot maintain a suit against a personal representative and a debtor of the estate: That all the parties defendant were necessary parties in a suit for the settlement of the accounts of the personal representative, and a distribution of the estate; that the personal representative had declined to make the complainants parties; that the personal representative was threatening *devastavit* by failure to prosecute the suit and in other ways. Under the will the executor was vested with certain powers in the nature of a trust.

   *Held:* That it was error to dismiss complainant's bill; that the court should permit the bill to be filed and treat it as a cross-bill in the suit instituted by the testator.

3. TRUSTS AND TRUSTEES—*Protection of Estate—Bill by Cestui Que Trust Against Trustee.*—A *cestui que trust,* who alleges that the trust estate is not being properly protected, may always file a bill against the trustee and other parties interested, and have the trust administered under the supervision and direction of the court.

Appeal from a decree of the Circuit Court of Prince William county. Decree for defendant. Complainants appeal.

*Reversed and remanded.*

The opinion states the case.

*Thomas H. Lion* and *A. W. Reynolds,* for the appellants.

*R. A. McIntyre* and *J. Donald Richards,* for the appellees.

WEST, J., delivered the opinion of the court.

In 1907, Eustace Jeffries filed a bill in the Circuit Court of Fauquier county against his nephew and attorney, James P. Jeffries, charging him with many acts and transactions by which it is alleged he had fraudulently possessed himself of practically the entire estate of the complainant. It is charged specifically that James P. Jeffries had fraudulently and without consideration conveyed to his wife, Mary H. Jeffries, all the property of the complainant so fraudulently acquired and that his wife had notice of the fraud affecting her title. The prayer of the bill is that the various fraudulent transactions alleged, including the deed to Mary H. Jeffries, his wife, may be set aside as clouds on the complainant's title, that the title to the land be decreed to be vested in the complainant, and

that sundry deeds mentioned in the bill be set aside as clouds on his title. The only defendants to the bill were James P. Jeffries and his wife, Mary H. Jeffries. When the deed from James P. Jeffries to Mary H. Jeffries, his wife, was introduced in evidence, it appeared that as to 200 acres of the Rhode Island tract which was conveyed by said deed, the conveyance was to his wife for life, with remainder in fee to his two children, Nannie P. Jeffries and James P. Jeffries, Jr., who were then infants. They were thus given vested remainders in fee in the 200 acres. Later both Eustace Jeffries and James P. Jeffries died. As to James P. Jeffries, the suit was revived on June 5, 1908, on motion of his daughter, who had become of age, against herself and James P. Jeffries, Jr., who was still an infant. By the same decree the suit was revived as to Eustace Jeffries in the name of John A. C. Keith, executor of Eustace Jeffries, deceased, against one of the original defendants, Mary H. Jeffries, and Nannie S. P. Jeffries and James P. Jeffries, Jr., the only children and heirs at law of James P. Jeffries, deceased. The will of Eustace Jeffries was not set up by any pleading filed and no reference to it was made in the subsequent proceedings.

Upon the death of John A. C. Keith, executor, George Lanham Fletcher was appointed administrator *de bonis non* of Eustace Jeffries, deceased, and on April 16, 1915, the cause was revived in the name of George Latham Fletcher, administrator, as sole plaintiff, and Nannie S. P. Jeffries, who had intermarried with Louis Antonsanti, and James P. Jeffries, Jr., who had then obtained his majority, were ordered to be proceeded against by *scire facias* to show cause why the case should not be proceeded with against them as parties defendant. The case was removed from the Circuit Court of Fauquier county to the Circuit Court of Prince William county.

Upon a hearing upon the pleadings and depositions of witnesses a decree was entered favorable to the complainant from which the defendants appealed to this court. Upon a hearing in the appellate court, it was held that the children of James P. Jeffries, deceased, were, on account of their interest in the 200 acres of land, necessary parties and were not properly before the court and the decree was reversed and the case remanded.

On April 7, 1919, Nannie S. P. Antonsanti and James P. Jeffries, Jr., made their appearance in the case by counsel, and on May 5, 1919, George Latham Fletcher, administrator *de bonis non*, as sole plaintiff, filed an amended bill against Mary H. Jeffries, widow and in her own right and as administratrix of James P. Jeffries, Sr., deceased, and James P. Jeffries, Jr., Nannie S. P. Antonsanti and Louis Antonsanti, her husband, as only defendants. This amended bill recites the fact that Eustace Jeffries departed this life leaving a last will and testament which was duly probated, and that John A. C. Keith qualified thereunder as executor, and subsequently dying, the complainant was appointed administrator *de bonis non*. The complainant does not exhibit the will as a part of the bill, or otherwise.

The amended bill also states that while the Supreme Court of Appeals (*Jeffries* v. *Jeffries, Ex'r*, 123 Va. 156, 96 S. E. 197) reversed the lower court because Nannie S. P. Antonsanti and James P. Jeffries, Jr., had not been properly impleaded so that a decree might be entered passing upon the merits of the case so far as their interests under said deed are concerned, it gave the complainant the right to elect either to so amend the original bill of complainant as to put in issue the rights of the said children under the said deed, or to disclaim any purpose to question their rights there-

under; that pursuant to the opinion of the Supreme Court of Appeals complainant now elects to disclaim any purpose to question the rights of the said children under said deed, and elects to proceed only against the right and interest taken thereunder by the said Mary H. Jeffries, and avers that the decree of the circuit court, October 4, 1915, from which the appeal was taken, is plainly right in so far as the same affects the rights of said Mary H. Jeffries thereunder; that by consent of parties the said Rhode Island farm was sold in a suit now pending in the Circuit Court of Prince William county under the style of *Jeffries and Antonsanti* v. *Jeffries*, the fund realized being held subject to the order of the court in this suit (*Jeffries' Adm'r* v. *Jeffries*); that in order to ascertain and subject the interest of the said Mary H. Jeffries in the said fund to the decree of October 4, 1915, it will be necessary to have Nannie S. P. Jeffries Antonsanti and James P. Jeffries, Jr., made parties defendant in the cause in order that their rights under said deed may be protected in ascertaining the interest of Mary H. Jeffries in the aforesaid fund. Complainant expressly disclaims any purpose to question the rights and interests of the said children in said fund as such interests now exist under the aforesaid deed from James P. Jeffries; and prays that the decree of October 4, 1915, in so far as said decree affects the interest of Mary H. Jeffries under the deed aforesaid from James P. Jeffries, Sr., may be reentered by the court, and that the case be referred to a commissioner for report as to the respective interests of Mary H. Jeffries in the aforesaid fund realized from the sale of the Rhode Island farm and the respective interests of Nannie S. P. Antonsanti and James P. Jeffries therein, and that said Nannie S. P. Antonsanti, Louis Antonsanti, her husband, James P.

Jeffries, and Mary H. Jeffries, in her own right and as administratrix of James P. Jeffries, Sr., deceased, may be made parties defendant to the bill.

The bill in the instant case was filed as an original bill by E. Marshall Jeffries and his children, Susie Jeffries Swetnam, Elizabeth Jeffries Smith, Sallie M. Jeffries, Mary Jeffries Cauthorn, Janet Jeffries Reynolds and John L. Jeffries, against Nannie Jeffries Antonsanti, James P. Jeffries, Jr., in their own right and as sole heirs at law of James P. Jeffries and Mamie H. Jeffries, deceased, James P. Jeffries, Jr., administrator of Mamie H. Jeffries, deceased, James P. Jeffries, Jr., administrator of James P. Jeffries, deceased, George Latham Fletcher, administrator of Eustace Jeffries, deceased, R. A. McIntyre, in his own right and as commissioner, Helen S. Leache, Mrs. F. W. Kelly, Josephine Chapman and twenty other persons named as defendants in the bill, who have purchased portions of the Rhode Island tract of land.

The bill restates the allegation of fraud contained in the bill filed by Eustace Jeffries against James P. Jeffries and Mamie H. Jeffries, his wife, one of the objects of which was to set aside a deed from James P. Jeffries to Mamie H. Jeffries, conveying to her the Rhode Island farm, containing 660 acres, except 200 acres thereof, which he conveyed to her for life with remainder to their two infant children.

The bill further alleges that some time after the institution of that suit Eustace Jeffries departed this life, leaving his last will and testament which was duly admitted to probate, a certified copy of which is filed as part of the bill in the instant case, from which it appears that Eustace Jeffries devised and bequeathed all of his estate, including any and all recoveries in said suit, except certain specified legacies, to Mrs. F. W. Kelly

and Josephine Chapman, to E. Marshall Jeffries and the said James P. Jeffries, for life, who are to receive the income thereof in equal shares during their respective lifetimes in the manner provided in said will, and at their deaths the corpus and principal thereof was to be the property of their children.

The bill further alleges that after the death of James P. Jeffries, Mamie H. Jeffries, on August 23, 1910, entered into a contract with the defendant, Helen S. Leache, for the sale to her of the Rhode Island farm at the price of $40.00 per acre, and thereafter joined with her daughter, Nannie Jeffries Antonsanti as plaintiff in a bill in the Circuit Court of Fauquier county against the defendant, James P. Jeffries, Jr., and John A. C. Keith, executor of Eustace Jeffries, deceased, and James P. Jeffries, Jr., an infant, alleging consent of J. A. C. Keith, executor of Eustace Jeffries, deceased, to the sale of the Rhode Island farm upon the condition that the proceeds thereof would be held subject to final decree in the cause of *Eustace Jeffries* v. *James P. Jeffries*, and praying for a comfirmation of the sale of the Rhode Island farm to Helen S. Leache; that the same was confirmed, but that the executor of Eustace Jeffries, deceased, had no power to bind complainants in any way, and that complainants are not bound by the decree confirming the said sale. The last mentioned cause is styled *Antonsanti* v. *Jeffries* and was also removed from the Circuit Court of Fauquier county to the Circuit Court of Prince William county.

Complainants further aver that Helen S. Leache did not by her deed acquire the title to a one-half undivided interest in the Rhode Island farm, the equitable title thereto being then and now vested in the complainants.

Complainants further aver that by order of the court in *Antonsanti* v. *Jeffries* the proceeds of the sale

of the Rhode Island farm were placed in the hands and control of the defendant, R. A. McIntyre, commissioner.

Complainants also aver that the twenty defendants named in the bill, who purchased parts of the Rhode Island tract and received deeds therefor, as well as their vendor, Helen S. Leache, are *pendente lite* purchasers and had notice of all the equities, rights and interests of the complainants in the Rhode Island tract, and are bound thereby; that George Latham Fletcher, administrator, had no authority to release the claims and interests of James P. Jeffries, Jr., and Nannie Jeffries Antonsanti in and to that part of the Rhode Island farm which James P. Jeffries attempted to convey to them by the deed to his wife, Mamie H. Jeffries, and his two children; that all proceedings and decrees in the cases of *Eustace Jeffries* v. *James P. Jeffries*, purporting to have been taken and entered by consent of Eustace Jeffries' executor and administrator, were without jurisdiction and void as to your complainants; that complainants were and are now necessary parties to the said cause of *Jeffries* v. *Jeffries*, now *Eustace Jeffries' Administrator* v. *Jeffries*, but the said administrator, plaintiff therein, has failed and refused to take the necessary proceedings to make them parties to said suit, and they have had no opportunity to be heard in the protection of their interests therein.

Complainants pray, among other things, that their original bill be treated as in the nature of a cross-bill in the suit of *Eustace Jeffries' Adm'r* v. *James P. Jeffries' and Mamie H. Jeffries' administrators and Nannie Jeffries Antonsanti and James P. Jeffries, Jr.;* that this cause be heard with said last mentioned cause and the said cause of *Antonsanti* v. *Jeffries;* that the depositions and documentary evidence in *Jeffries' Adm'r* v. *Jeffries,* taken and filed on behalf of the plaintiff, be read and

considered in support of complainants' bill; that all money, property and assets belonging to Eustace Jeffries that passed into the hands of James P. Jeffries be traced and brought under the jurisdiction and control of the court in this cause, and also the property in which such money and effects were invested, and that the right and title of these complainants thereto, under the will of Eustace Jeffries, deceased, be established by decree in this cause; that all such property of said Eustace Jeffries be impressed with a trust in favor of these complainants to the extent of their interest under the will of said Eustace Jeffries; that the complainants be decreed the owners of one-half undivided interest in the Rhode Island farm, and that the attempted conveyance thereof to Helen S. Leache, and all claims of title thereto, or any part thereof by any defendant, derived under Helen S. Leache, be set aside; that R. A. McIntyre, commissioner in *Antonsanti* v. *Jeffries*, be required to pay to the complainants, to the extent of their interest therein, the purchase money which has come into his hands; and for general relief.

The defendants filed their demurrers to the bill, which were sustained and the bill dismissed, and that action is assigned as error.

The will of Eustace Jeffries directs his executor to prosecute the suit which he instituted against James P. Jeffries, and empowers him to sell any real estate coming to the testator from that suit and to invest the proceeds arising from the recovery therein and pay the issues and profits derived therefrom to E. Marshall Jeffries and James P. Jeffries for their natural lives, and at the death of each the interest so invested to pass in fee to the heirs at law of such deceased parent, except two certain legacies mentioned in the will.

The ground of demurrer mainly relied on is that the

will of Eustace Jeffries vested the legal title to the property coming from the recovery in the suit in the executor, and that a legatee cannot maintain a suit against the personal representative of a decedent and a debtor to the estate, except under special circumstances; and that such special circumstances do not appear from the bill.

[1] It is settled law that a legatee of a decedent's estate cannot maintain a suit against the personal representative and another who is a debtor to the estate, except under special circumstances. But there is no fixed and rigid rule by which to determine what constitutes such special circumstances. *Beatty* v. *Downing,* 96 Va. 451, 454, 31 S. E. 612; *Conrad* v. *Fuller,* 98 Va. 16, 34 S. E. 893.

"The circumstances usually relied on and which have been held sufficient to authorize such joinder are the insolvency of the personal representative; collusion between him and the debtor; the fact that the debtor was a partner of the decedent, or a trustee holding property for, or an agent of, the decedent." *Beatty* v. *Downing, supra,* and cases cited.

[2] The circumstances relied on in the instant case to take it out of the general rule are, that all the parties defendant are necessary parties in a suit for the settlement of the accounts of the personal representative and a distribution of the decedent's estate, and the administrator has declined to make the plaintiffs parties; that the administrator is threatening *devastavit* by failure to prosecute the suit, which was instituted in the year 1907; that he has attempted to commit a *devastavit* by consenting to the sale of the land to Helen S. Leache, as the will did not authorize a sale in that manner; that he is attempting a *devastavit* through the original suit by releasing a substantial part of the sub-

ject matter to James P. Jeffries, Jr., and Mamie Jeffries Antonsanti; that he is attempting to commit a *devastavit* by admitting credit to the defendants for the $5,000.00 James P. Jeffries note.

Under the will the executor named is not only vested with the usual powers of a personal representative, but also with certain other powers in the nature of a trust, whereby he, acting as trustee, is authorized to invest the estate of the testator and pay the issues and profits derived therefrom to E. Marshall Jeffries and James P. Jeffries during their lives; and at their death pay the amount invested to their heirs at law, with certain exceptions.

[3] The facts and circumstances alleged in the bill were sufficient to entitle the appellants to bring this suit, especially as all the parties thereto were necessary parties for the settlement of the accounts of the administrator and distribution of the estate; and for the further reason that a *cestui que trust*, who alleges that the trust estate is not being properly protected, may always file a bill against the trustee and other parties interested and have the trust administered under the supervision and direction of the court.

The decree sustaining the demurrers will be reversed and the cause remanded with instructions to the lower court to permit the complainants to file their bill and have it treated in the nature of a cross-bill in the chancery cause formerly styled *Eustace Jeffries* v. *James P. Jeffries and Mamie H. Jeffries, his wife,* now styled *George Latham Fletcher, Administrator of Eustace Jeffries, deceased,* v. *James P. Jeffries, Adm'r, and others.*

*Reversed and remanded.*