# Staunton.

## WINNIE KISER v. BRAID HANNAH AND WALDON HANNAH.

### September 22, 1927.

1. BOUNDARIES—*Conflicting Evidence—Case at Bar.*—In the instant case the question at issue was whether under a timber contract under seal, timber on land belonging to appellant north of a certain road was conveyed to appellees. The land subject to the agreement was described as "The Valley" tract of land. Appellant and her son jointly conveyed the timber in question. At the time the agreement was entered into appellant individually owned several tracts of land, including the one in question, lying in the locality of "The Valley" tract of land, and she owned jointly with her son land lying south of the road. It was contended by appellant that the timber growing upon the tract south of the road was all that was conveyed by the agreement. No survey of the land appeared to have been made. Twelve witnesses, testifying in behalf of the appellees, stated that "The Valley Tract" consisted of both the land south and the land north of the road. The description of the land in the agreement conformed to the description contended for by the appellees and was in harmony with the extrinsic evidence.

   *Held:* That a decree in favor of the appellees could not be disturbed on appeal.

2. APPEAL AND ERROR—*Burden on Appellant to Show Error.*—The burden is upon appellant to point out clearly and convincingly the error in the decision of the trial court. While the appellate court may have a doubt as to the correctness of the decree entered, this will not suffice. The appellate court must be satisfied that the decree is plainly wrong.

3. APPEAL AND ERROR—*Presumption in Favor of Court Below.*—The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, and a party in an appellate court, alleging error in the court below, must show it in the regular way, or the presumption in favor of its correctness must prevail.

4. EQUITY—*Depositions—Character of Witness—Case at Bar.*—In the instant case, a suit involving boundaries of land, one of the twelve witnesses who testified most strongly for the appellees was the

clerk of the circuit court over which the chancellor presided. While the deposition of this witness is all the chancellor had before him, it is a natural presumption that he had knowledge of the character, integrity and ability of the witness and gave weight thereto accordingly.

Appeal from a decree of the Circuit Court of Russell county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Bird & Lively,* for the appellant.

*Quillen & Quillen,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

On the 28th day of February, 1923, the appellant and her son, John Kiser, entered into a ten day period option contract with E. Sutherland, by the terms of which they agreed to sell Sutherland, or his assigns, all the timber on a certain boundary of land known as the Winnie Kiser boundary, for the price of five dollars per thousand feet, cash in hand.

Sutherland assigned this contract to appellees and M. P. Hannah, and on the 15th day of March, 1923, an agreement under seal, duly acknowledged, was entered into by and between appellant and John Kiser, parties of the first part, and appellees and M. P. Hannah, parties of the second part. The pertinent part of this agreement is as follows: "That for and in consideration of the sum of five thousand ($5,000.00) dollars, cash in hand paid, the receipt of which is hereby acknowledged, the parties of the first part have this day bargained and sold and by these presents do

hereby grant, bargain, sell, assign, transfer and convey unto the parties of the second part, all of the timber and trees of every nature and kind, except the cedar and locust, from ten inches in diameter, measured at the stump, and up, on a certain boundary or tract of land, lying and being in Russell county, near Carterton, Virginia, and on which the parties of the first part now reside, and known as "The Valley" tract of land, and containing four hundred acres, more or less, and adjoining the lands of W. G. Gray, Elihu Kiser, Merdie Chafin, Mrs. Huffman, Ora Jessee, Smith, Blevins, and others.

"The said parties of the second part, their heirs and assigns, are to have three years from this date in which to cut and remove said timber. The parties of the second part, or their assigns, are to have at least one or two mill sites, log and lumber yards, with all necessary right of way over and across said boundary of land, as well as any other tracts of land belonging to the parties of the first part, that may be necessary to be crossed in cutting, removing and manufacturing said timber. The parties of the second part are also to have the necessary ground for stacking lumber, building camp houses, etc."

Appellees claiming, by virtue of the contract, to be the owners of the timber growing upon the eighty-four acre tract of land, began cutting same. Thereupon appellant filed her bill in chancery, the object of which was to enjoin appellees from cutting timber on the eighty-four acre tract of land.

The cause was heard upon the bill and answer and the depositions of numerous witnesses. The trial court being of opinion that the appellant was not entitled to the relief prayed for, dismissed the bill of complaint and adjudged costs against appellant.

[1] The sole question for the determination of the court in this cause is whether or not, under the terms and descriptions contained in the agreement, there was conveyed to appellees the timber growing upon the eighty-four acre tract of land lying north of what is known as the Reeds Valley road. It is disclosed by the record that, at the time the agreement was entered into, appellant individually owned several tracts of land lying in the locality of "The Valley" tract of land; that she owned jointly with her son, John E. Kiser, a tract of land lying south of the Reeds Valley road. There is sharp conflict in the evidence as to the number of acres embraced in this latter tract.

It is the contention of appellant that the timber growing upon this tract of land is all the timber conveyed by the agreement. Though the record shows that more than fifty witnesses testified as to the location and estimated acreage of the land in question, none of them were surveyors, nor does it appear anywhere in the record that a survey of the land was ever had.

It is shown by the evidence that appellant is a woman of active mind and personally conducts all of her business affairs. There is no allegation in the bill of complaint that a fraud was perpetrated upon her in the execution of the agreement. The parties, according to the evidence, dealt at arm's length, and in the absence of allegations of fraud or mistake we must look to the agreement, aided by extrinsic evidence, to determine the location of the land. *Parsons, Adm'r* v. *Fitchett, ante,* page 322, 138 S. E. 491.

To detail the testimony of the witnesses who testified for the complainant, in view of the conclusion reached, would but serve to encumber this opinion without shedding any light on the question involved. Twelve

witnesses, testifying in behalf of the appellees, state that what is known as "The Valley Tract," referred to in the agreement, consists of both the land south of the Reeds Valley road and the eighty-four acres of land in controversy, and that the entire acreage amounts to four hundred acres.

It is to be observed that while the agreement does not contain any specific description of the property by courses and distances, it is described in several particulars. This description conforms to the description contended for by appellees and is in harmony with the extrinsic evidence introduced.

When we look to the material elements of the agreement and apply the evidence thereto, we have:   First. A conveyance of the timber without any reference to the individual ownership of the tracts upon which same is situated; Second. "On which the parties of the first part now live." (While the evidence discloses that John E. Kiser does not live upon the land mentioned, it is indisputably shown that the dwelling house of appellant and all of her outbuildings are situated upon the eighty-four acre tract of land, and are embraced in the curtilage.)   Third.   "Known as the Valley Tract" and "containing four hundred acres." (As stated, *supra*, twelve witnesses testified on this point in favor of appellees.)   Fourth. "And adjoining the lands of W. G. Gray, Elihu Kiser, Merdie Chafin, Mrs. Huffman, Ora Jessee, Smith, Blevins, and others."

The evidence shows that the parties here named as adjoining land owners are all of those adjoining the land on the south side of the road, and that there are no other adjoining landowners south of the road.   It is also shown in evidence that the lands of Gray and Elihu Kiser adjoin the eighty-four acre tract north of

the road. It is also shown in evidence that only one sawmill site would be necessary to cut the timber south of the road, while to economically cut the timber north of the road would require an additional mill site.

While his statement is strenuously denied by appellant, R. L. Johnson, a witness for appellee, testified that with the knowledge and consent of appellant he "cruised" the timber on the eighty-four acre tract, together with the timber on the residue, and that his estimate of the timber amounted to one million feet.

[2, 3] It is impossible to reconcile the respective contentions of the parties. The burden is upon the appellant to point out clearly and convincingly the error in the decision of the trial court. This has not been done. While we may have a doubt as to the correctness of the decree entered, under our decisions this will not suffice. We must be satisfied that the decree is plainly wrong. *Shipman* v. *Fletcher*, 91 Va. 487, 22 S. E. 458.

In *White* v. *Reed*, 146 Va. 253, 135 S. E. 809, Judge Prentis quotes with approval the following language of Burks, Sr., in *Herman* v. *City of Lynchburg*, 33 Gratt. (74 Va.), at page 43: "The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, and a party in an appellate court, alleging error in the court below, must show it in the regular way, or the presumption in favor of its correctness must prevail." This also is said: "The burden which is cast upon the appellant in this court is not merely to lodge a doubt, but to satisfy this court of the error assigned. It would be going too far, perhaps, to say that error must be demonstrated, for that might be construed to imply mathematical precision, but certain it is that an opinion reversing a judgment should convince the impartial mind."

No question of law is herein involved.  The question is essentially one of construction, aided by extrinsic evidence.  The trial court has decided that the evidence preponderates in favor of appellees.  In fact, the trial court has gone further than this and decided all conflicts in the evidence in favor of appellees.

[4] One of the twelve witnesses who testified most strongly for appellees as to location of the land is E. R. Combs, clerk of the circuit court over which the chancellor presides.  While the deposition of this witness is all the chancellor had before him, it is a natural presumption that he had knowledge of the character, integrity and ability of the witness and gave weight thereto accordingly.

For the reasons stated we are of the opinion to affirm the decree.

*Affirmed.*