# 𝕾taunton

## H. M. BROWNING, RECEIVER OF FARMERS AND MINERS BANK OF HONAKER V. KING F. RAY.

September 20, 1934.

Present, All the Justices.

The opinion states the case.

*W. W. Bird,* for the appellant.

*L. E. Fuller* and *R. H. Wilson,* for the appellee.

GREGORY, J., delivered the opinion of the court.,

King F. Ray was awarded a judgment for $1,000.00 against H. M. Browning, receiver of Farmers and Miners Bank of Honaker by decree entered at the December Term, 1932, of the Circuit Court of Russell county. From this decree an appeal was granted by this court.

On June 30, 1924, the above named bank was closed by order of the State Corporation Commission and H. M. Browning was appointed receiver therefor. Among its assets was a note for $1,000.00 made by King F. Ray and his wife, Annie T. Ray. On September 20, 1924, the receiver recovered a judgment by default against these parties on the note, together with interest, costs and attorney's fees provided therein. A bill in chancery was filed by the receiver against Ray and wife on July 30, 1926, for the purpose of subjecting certain lands owned by them to the payment of this judgment. To this bill Ray and wife filed their answer and cross-bill in which they asked that the collection of the judgment be enjoined and restrained, denying that they had signed or endorsed the $1,000.00 note, or that they had authorized any other person to sign their names thereto, and asserting that they

had not received the proceeds from said note, or any benefits therefrom, and that it was made without their knowledge or consent. The answer further set forth that N. H. Plaster who was the cashier of said bank, assured King Ray that he would pay off the note before the date for taking judgment and that it would not be necessary to defend the suit; that relying on these false representations no defense was made to the suit. It was also alleged that Plaster was at the time of making these representations under an indictment for forging other notes found among the assets of the bank, and that these false representations were made for the purpose of preventing a disclosure of this forgery until after some disposition had been made of the charges against Plaster. A demurrer was interposed and sustained as to the cross-bill, and a decree was entered in accordance with the prayer of the original bill, but before the sale of the real estate, the defendants, in that proceeding paid off the judgment.

After the termination of the above chancery cause in which a final decree was entered April 23, 1927, Ray filed his petition in the instant case to recover on a certificate of deposit bearing date April 26, 1924, alleged to have been issued to him by the bank for $1,000.00. As to the date this certificate was first presented to the receiver for payment, the record is not clear. However, when the same was presented for payment, one Fletcher, the assistant to the receiver of the bank, refused payment thereof on the ground that the bank had no record of the existence of such a certificate issued to Ray. This certificate bore the number 989, while Fletcher testified that the records of the bank showed that the certificates of deposit which had been issued by the bank were issued in numerical order from 1 to 232. That of all the certificates presented for payment, none save the certificate in question bore a larger number than 232.

The records of these certificates had been lost or misplaced sometime after the certificate had been first

presented for payment, and these records were not available in this proceeding. Ray and his wife testified that Ray held a certificate of deposit on this bank for $900.00 which was originally issued in 1922 and which had been increased to $1,000.00 and a new certificate issued therefor in December, 1923; the latter having been exchanged subsequently thereto for the certificate in this suit. Both of these parties testified substantially to the facts alleged in their answer filed in the chancery cause hereinbefore detailed. There is no conflict in the testimony of the parties in this proceeding, except that Fletcher testified at the time Ray presented this certificate that he was told that the certificate was not registered and for that reason it would not be paid, and Ray told him that the reason he made no defense to the proceeding against him on the $1,000.00 note was that Plaster had given him the certificate, and told him that it would take care of him. This Ray denied. It is admitted that the certificate is in the handwriting of N. F. Plaster who was cashier of the bank at the time the certificate purports to have been issued. Plaster was the brother-in-law of King Ray.

For defense, the receiver denies the validity of the certificate and relies upon the fact that the petitioner did not plead his claim against the bank as set-off in the action at law or in the suit in equity; that there is no record on the books of the bank of any certificate of deposit such as that attempted to be asserted by the petition; and Fletcher testified as to his conversation with Ray at the time the certificate was presented by Ray for payment as previously outlined.

██ ██ Upon the facts presented, the lower court held (and we think rightly so), that the petitioner was entitled to a judgment for the amount claimed in his petition. Certainly there was no legal duty resting upon the petitioner to set up his certificate of deposit as an off-set in either of the proceedings against him. On the other hand the fact that no record of the bank showed that

such a certificate had been issued falls far short of the proof required in order to show that the certificate was spurious. The circumstances shown by the evidence, the relationship of the parties to the cashier, and the fact that N. F. Plaster was under indictment for certain irregularities in connection with handling of the business of the bank may be grounds for suspicion as to the genuineness of the certificate, but it appears quite differently when this evidence is considered in the light of the evidence offered by the petitioner that he had issued to him in 1922 by the bank a certificate for $900.00, which by a subsequent deposit was increased and a new certificate issued in 1923 for $1,000.00. Then in 1924 the certificate in question was issued. The evidence of the petitioner and his wife is wholly undenied, and if untrue, no doubt the receiver could have shown it was false or offered some reason for his failure to do so.

The decree entered by the court below is presumed to be right. It is not sufficient that some doubt may exist as to its correctness, but if there is reversible error, it must affirmatively appear. In this connection, we quote the principle heretofore laid down and often approved by this court:

"The burden which is cast upon the appellant in this court is not merely to lodge a doubt, but to satisfy this court of the error assigned. It would be going too far, perhaps, to say that error must be demonstrated, for that might be construed to imply mathematical precision, but certain it is that an opinion reversing a judgment should convince the impartial mind." *White* v. *Reed*, 146 Va. 246, 254, 135 S. E. 809, 811; *Swetnam* v. *Antonsanti*, 150 Va. 534, 143 S. E. 716; *Willis* v. *Blue Ridge Bank*, 153 Va. 392, 403, 149 S. E. 624.

The decree must be affirmed.

*Affirmed.*